Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **ADRIAN FASOLINO**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**RISEUP FINANCIAL GROUP, LLC**, a California Limited Liability Company and **ALLEVIATE FINANCIAL SOLUTIONS LLC**, a California Limited Liability Company<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 3:25-cv-255<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

Plaintiff ADRIAN FASOLINO, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendants RISEUP FINANCIAL GROUP LLC (hereinafter "RiseUp") and ALLEVIATE FINANCIAL SOLUTIONS LLC (hereinafter "Alleviate") to stop their illegal practice of sending unsolicited telemarketing calls to the telephones of consumers whose phone numbers were registered on the National Do Not Call Registry, and to obtain redress for all persons injured by their conduct. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse,*

Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from and/or on behalf of Defendants RiseUp and Alleviate. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

1. As part of their marketing, Defendants RiseUp and Alleviate engage in illegal telemarketing and sent unsolicited phone calls to thousands of consumers whose phone numbers were registered on the National Do Not Call Registry.

2. Defendants RiseUp and Alleviate's telemarketing campaign consists of using an artificial or prerecorded voice.

3. Defendants RiseUp and Alleviate did not obtain consent prior to sending these unsolicited calls, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

5. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

6. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id.* § 227(c)(3).

7. By sending these robocalls to people who have registered their phone numbers on the national do-not call database, Defendants RiseUp and Alleviate violated the privacy and statutory rights of Plaintiff and the Class.

8. Plaintiff therefore seeks an injunction requiring Defendants RiseUp and Alleviate to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff Adrian Fasolino is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

10. Defendant RiseUp is a limited liability company organized and existing under the laws of California.

11. Defendant Alleviate is a limited liability company organized and existing under the laws of California.

12. Defendants RiseUp and Alleviate are hereinafter referred to collectively as "Defendants".

## JURISDICTION AND VENUE

13. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

14. This Court has specific personal jurisdiction over Defendants because Defendants placed illegal phone calls to Plaintiff in this District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury occurred in this District.

## COMMON FACTUAL ALLEGATIONS

16. Defendants offer loan products to consumers.

17. Defendant RiseUp sent out unsolicited calls with an artificial or prerecorded voice soliciting Plaintiff and the putative class for Defendant Alleviate's services.

18. Defendants failed to obtain consent, nor did they check the National Do Not Call registry.

## PLAINTIFF'S FACTUAL ALLEGATIONS

19. Plaintiff is a natural person who resides in this District.

20. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

21. Defendants operate as a common enterprise.

22. Defendants both offer loan products to consumers.

23. Defendants target consumers who obtain more than ten thousand dollars in unsecured debt.

24. As part of their telemarketing campaign, and to generate new business for this common enterprise, Defendant RiseUp makes unsolicited calls to thousands of consumers residential telephone numbers on behalf of both Defendants.

25. Defendants' telemarketing campaign consists of the use of an artificial or prerecorded voice.

26. Both Defendants approve of the artificial or prerecorded voice message.

27. Defendants are well aware that their telemarketing campaign is in violation of the TCPA.

28. Defendants willfully engage in illegal telemarketing because it benefits Defendants financially.

29. Both Defendants have been sued for TCPA violations prior to this complaint, *Jennifer Janzen v. Better Debt Solutions LLC et al*, No. 8:24-cv-01516-DOC-DFM (C.D.CA., July 10. 2024), *Steve Rosene v. Alleviate Financial Solutions LLC et al*, No. 8:24-cv-02086-DOC-ADS (C.D.CA., Sept. 25, 2024) and *Newell v. RiseUp Financial Group, LLC*, No. 2:25-cv-01402-JFM (E.D.PA., Mar. 17, 2025).

30. Neither Defendant RiseUp nor Alleviate scrubs their calling list against the National Do Not Call Registry as required by the FTC.

31. To date, according to the Texas registration database, https://direct.sos.state.tx.us/telephone/telephonesearch.asp, neither Defendant obtains a valid solicitation registration certificate.

32. Neither Defendant qualifies for an exemption under § 302.053.

33. Plaintiff's telephone number ending in -0012 is a residential number and is registered with a cellular telephone service.

34. Plaintiff's telephone number ending in -0012 is his only number that he uses for personal purposes and is not associated with any business.

35. Plaintiff successfully registered his telephone number ending in 0012 on the National Do-Not-Call Registry on September 05, 2021, which was more than 31 days prior to receiving the alleged calls in this complaint.

36. Despite this, Plaintiff received at least four (4) unsolicited calls (hereinafter "the calls") to his telephone ending in -0012 from Defendant RiseUp on behalf of both Defendants as described below:

Call #1 – 1/6/2025, at 9:29 AM from caller ID (915) 336-6812
Call #2 – 1/6/2025, at 10:02 AM from caller ID (915) 286-8263
Call #3 – 1/8/2025, at 9:14 AM from caller ID (915) 309-2494
Call #4 – 1/8/2025, at 3:25 PM from caller ID (915) 999-9469

37. Plaintiff answered each of the calls and heard the same exact artificial or prerecorded voice message regarding a "pending preapproval for a personal loan or line of credit up sixty-five thousand dollars."

38. The artificial or prerecorded voice in the alleged calls does not identify either Defendant RiseUp nor Alleviate.

39. The calls Plaintiff received from Defendant RiseUp were clearly pre-recorded because (a) they were sent with automated technology used to mask Caller IDs (b) they used a

singular monotone voice (c) they were generic messages not personalized for the recipient (d) there was a pause prior to the recorded message being played (e) they prompted Plaintiff to "press 1."

40. To date, Plaintiff has not applied for any type of loan in 2025.

41. The first three alleged calls disconnected upon completion of the artificial or prerecorded voice.

42. On the fourth alleged call, Plaintiff answered and again heard the same exact artificial or prerecorded voice as the first three alleged calls.

43. Plaintiff engaged and investigated the call and "pressed 1" as instructed by the artificial or prerecorded voice.

44. Plaintiff was connected to an agent with Defendant RiseUp named Robert Zavala (hereinafter "Zavala").

45. To qualify Plaintiff, Zavala collected Plaintiff's name, monthly income, monthly expenses, and social security number to run a soft credit check.

46. Zavala advised Plaintiff he was approved for a consolidation loan and solicited Plaintiff for a debt resolution program on behalf of Defendant Alleviate.

47. Plaintiff would make forty-two (42) monthly payments of $378.55 towards the debt resolution program.

48. Both Defendants would benefit financially if Plaintiff would have signed up for the debt resolution program.

49. Zavala sent Plaintiff a series of emails that included Zavala's company credential along with the service agreement for the debt resolution program on behalf of Alleviate.

Gmail    Adrian Fasolino <adrian.fasolino@gmail.com>

**Congratulations Adrian! Your Pre-Approval Details - Pending UI/UX**
1 message

**Robert Zavala** <rzavala@riseupfinancial.com>    Wed, Jan 8, 2025 at 5:55 PM
To: "Adrian.fasolino@Gmail.com" <Adrian.fasolino@gmail.com>

Jan 08, 2025

**Hi Adrian,**

Congratulations, we have a pre-approval available for you. The information provided offers a tailor-made solution exclusively designed for your needs. Let's go over this together.

*Financial profile prepared by:*

**Robert Zavala| Rise up**
**Senior Debt Advisor**
(949) 570-3485
rzavala@riseupfinancial.com

Alleviate

**Client Service Package**

Client Information    2

**SERVICE AGREEMENT**

This agreement for negotiation services ("Agreement") is between Alleviate Financial Solutions LLC. ("AFS") and Adrian Fasolino & ("Client") relating to negotiation services on Client's unsecured debt.

1. Services. AFS will review Client's financial circumstances, provide a phone consultation to confirm Client's understanding of and suitability for debt resolution, review for any potential defense(s) to the debt, negotiate and attempt to enter into settlements with creditors of the Client in an effort to modify and/or restructure Client's current unsecured debt (collectively, the "Services"). AFS and its staff will timely respond to all Client inquiries and keep the Client informed as to all offers of debt modification. AFS's obligation to negotiate shall only apply to specific unsecured debt obligations as disclosed by the Client that are included in Schedule A of this Agreement ("Target Debt"). A debt that is subject to legal action or arbitration will be excluded. AFS reserves the right, in its sole and absolute discretion, to reject the inclusion of any Target Debt or to subsequently remove a Target Debt. The Services do not include the following:

50. The emails Plaintiff received from Zavala identified both Defendants being connected to the alleged calls.

51. Upon information and belief, Defendants employ outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

52. Plaintiff never provided his prior express written consent to receive any of the calls.

53. The calls were nonconsensual encounters that were not made for emergency purposes.

54. The calls were made to Plaintiff for the purpose of encouraging the services of both Defendants.

55. Upon information and belief, the calls were placed while knowingly ignoring the National Do-Not-Call Registry.

56. Upon information and belief, the calls were placed without Defendants' training their agents on the use of an internal do-not-call policy.

57. Plaintiff has never been a customer of either Defendant and never knew who Defendants were prior to receiving the calls.

58. Plaintiff was harmed by the calls.

59. Plaintiff was temporarily deprived of legitimate use of his phone because his privacy was improperly invaded. Moreover, the calls injured Plaintiff because they were frustrating, obnoxious, annoying, and were a nuisance and disturbed the solitude of Plaintiff.

## BASIS FOR LIABILITY

60. Plaintiff incorporates by reference all the above paragraphs as though fully repeated herein.

61. Even if Defendant Alleviate did not personally make the TCPA violating calls to Plaintiff, they are liable for the TCPA violations under the following theories of vicarious liability: Actual Authority, Apparent Authority, or Ratification.

## ACTUAL AUTHORITY

62. Plaintiff incorporates by reference all the above paragraphs as though fully repeated herein.

63. Defendant Alleviate authorized and hired RiseUp to generate prospective customers through illegal telemarketing calls.

64. Accordingly, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." See In re Rules & Regulations Implementing the TCPA, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995) (emphasis added).

65. In their January 4, 2008, ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

66. More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is 4:23-cv-03055-JMG-MDN Doc # 1 Filed: 04/13/23 Page 7 of 11 - Page ID # 7 8 liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

67. RiseUp solicited Plaintiff on behalf of Defendant Alleviate. Accordingly, RiseUp had Alleviate's actual authority to solicit Plaintiff through illegal telemarketing calls.

## APPARENT AUTHORITY

68. Plaintiff incorporates by reference all the above paragraphs as though fully repeated herein.

69. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct. 28 CC Rcd at 6592 (¶ 46).

70. Defendant Alleviate authorized RiseUp to generate prospective business for Alleviate through illegal telemarketing.

71. RiseUp called and solicited Plaintiff for a consolidation loan on behalf of Defendant Alleviate. The integration of their sales efforts was so seamless that it appeared to Plaintiff that RiseUp and Alleviate appeared to be acting together as the same company.

72. Plaintiff reasonably believed and relied on the fact that RiseUp had received permission to sell, market, and solicit the services of Defendant Alleviate.

73. As a direct and proximate result of RiseUp's illegal phone calls – which were made on behalf of and with the apparent authority of Alleviate, Plaintiff and Class members suffered actual damages, including their time to answer the violating calls, depleted battery life, wasted time, invasion of their privacy and the nuisance of receiving the calls.

## RATIFICATION

74. Plaintiff incorporates by reference all the above paragraphs as though fully repeated herein.

75. Defendant Alleviate knowingly and actively accepted business that originated through the illegal calls placed by RiseUp.

76. By accepting these contacts with the robocall victims, RiseUp "manifest[ed] assent or otherwise consent[ed] . . . to act" on behalf of Defendant Alleviate, as described in the Restatement (Third) of Agency.

77. RiseUp called Plaintiff to solicit him for a debt consolidation loan on behalf of Alleviate.

78. Defendant Alleviate received Plaintiff as a new prospective customer from RiseUp.

79. Defendant Alleviate ratified RiseUp's TCPA violations by knowingly accepting the benefits of new customers and revenue despite the fact that the sale was generated through illegal calling.

80. Defendant Alleviate further ratified RiseUp's TCPA violations by being aware of the violations, being willfully ignorant of the violations or by being aware that such knowledge was lacking.

81. As a direct and proximate result of RiseUp's illegal phone calls, Plaintiff and Class members suffered actual damages, including their wasted time to answer the violating calls, the monies paid to receive the calls, the depleted phone minutes available to them, invasion of their privacy and the nuisance of receiving the calls.

## CLASS ALLEGATIONS

82. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

i. **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendants called and/or any entity making calls on behalf of Defendants (3) whose telephone numbers were registered on the National Do Not Call registry for more than 30 days at the time.

ii. **Texas Subclass**. All persons in Texas who: (1) from the last 4 years to present (2) Defendants called and/or any entity making calls on behalf of Defendants (3) whose telephone

numbers were registered on the National Do Not Call registry for more than 30 days at the time.

83. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

84. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendants sent unsolicited calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

85. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of the Defendants uniform wrongful conduct and unsolicited calls.

86. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

87. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure

compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

88. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a. Whether the unsolicited calls were caused by Defendants;

b. Whether the unsolicited calls promoted Defendants' products or services;

c. Whether the Defendants checked the phone numbers to be called against the National Do Not Call registry;

d. Whether the Defendants obtained written express consent prior to sending the unsolicited calls

e. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of the Defendants conduct.

89. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would

increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**First Cause of Action:**
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice**
**(On behalf of Plaintiff and the TCPA Class)**
**(Against All Defendants)**

90. Plaintiff incorporates by reference all the above paragraphs as though fully repeated herein.

91. Defendants placed unsolicited phone calls to Plaintiff and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

92. The calls were made for the express purpose of soliciting consumers for Defendants' goods and services.

93. When Plaintiff and the Class answered, the calls played an artificial or prerecorded voice to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

94. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

95. Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

96. If the court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## <u>Second Cause of Action</u>: Violation of 47 U.S.C. § 227(c) Do Not Call Provision (<u>On behalf of Plaintiff and the TCPA Class</u>) (Against All Defendants)

97. Plaintiff incorporates by reference all the above paragraphs as though fully repeated herein.

98. The telephone numbers of Plaintiff and the Class are registered on the National Do Not Call Registry.

99. Defendants placed unsolicited phone calls to Plaintiff and the Class members' DNC registered telephones without having their prior written consent to do so.

100. Defendants' actions constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry 47 C.F.R. § 64.1200(c)(2).

101. Defendants' solicitating phone calls were made for the commercial purpose of soliciting Defendants' goods and services.

102. As a result of their unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages.

103. Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

104. Plaintiff also seeks a permanent injunction prohibiting Defendants from making telemarketing solicitations to numbers listed on the Federal Government's National Do Not Call Registry.

**<u>Third Cause of Action</u>:**
**Violations of The Texas Business and Commerce Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(<u>On behalf of Plaintiff and the Texas Subclass</u>)**
**(Against All Defendants)**

105. Plaintiff incorporates by reference all the above paragraphs as though fully repeated herein.

106. Defendants placed illegal phone calls to Plaintiff and the putative class without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

107. Upon information and belief, the actions of the Defendants and/or their agents also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

108. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

109. Upon information and belief, Plaintiff sent a notice of violation and request for remedy under Texas Business and Commercial Code § 17.505(a).

110. As a result of the Defendants and/or their agents' violations of the Texas Business and Commerce Code § 302.101, Plaintiff may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

111. As a result of the Defendants and/or their agents' violations of §302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ADRIAN FASOLINO, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate § 227(b) of the TCPA;

C. An order declaring that Defendants' actions, as set out above, violate § 227(c) of the TCPA;

D. An order declaring that Defendants' actions, as set out above, violate § 302.101 of the Texas Business and Commerce code;

E. An order declaring that Defendants' actions, as set out above, violate the TCPA willfully and knowingly;

F. An award of $1,500 per call in statutory damages arising from § 227(b) of the TCPA for each intentional violation;

G. An award of $1,500 per call in statutory damages arising from § 227(c) of the TCPA for each intentional violation;

H. An order declaring that Defendants' actions, as set out above, violate the Texas Bus. and Com. Code willfully and knowingly;

I. An award of $5,000 in statutory damages arising from the Texas Bus. and Com. Code § 302.101 for each intentional violation;

J. An injunction requiring the Defendants to cease sending all unlawful calls;

K. An award of reasonable attorneys' fees and costs; and

L. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: July 10, 2025, Respectfully submitted,

By: /s/ Mark L. Javitch

Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff and the Putative Class*